THE GEORGE URBAN, JR., et al.

(District Court, N. D. New York. December 3, 1895.)

CANAL-BOAT—LIBEL FOR WAGES

Rev. St. § 4251, providing that a canal-boat, without masts or steam power, shall not be liable for an employé's wages, is not rendered inapplicable by the fact that the boat is, upon the trip in question, towed through the canal by a steam yacht.

This was a libel against the George Urban, Jr., and the Thomas Chester.

Ingram & Mitchell, for libelants.
Cook & Laskey, for claimant.

COXE, District Judge. Section 4251, Rev. St. U. S., provides that "no canal-boat, without masts or steam-power, which is re-

quired to be registered, licensed, or enrolled and licensed, shall be subject to be libeled in any of the United States courts for the wages of any person who may be employed on board thereof, or in navigating the same." That the boats in controversy are canal-boats without masts or steam-power seems beyond dispute. Prior to the trip in question they had been towed through the Erie Canal by mules and horses. On this occasion they were towed by a steam pleasure yacht at the end of a 200-foot hawser. The character of the boat is not changed by the means of propulsion selected by her. She does not cease to be a canal-boat because she is towed through the canal by a steam yacht. The statute has reference to the boat itself and not to the tow boat. That this must be the proper construction is made plain by the amending act of 1874 (18 Stat. 31), which provides that the enrollment act shall not extend to canal-boats, "excepting only such as are provided with sails or propelling machinery of their own." If the libelants are right in their contention that the propelling force outside of and disconnected from the boat determines her character it must follow that a tug which temporarily employs horse power to pull her through a narrow canal, will, for the time being, be a canal-boat without steam-power and, therefore, exempt from being libeled for mariners' wages.

The sole question is, has the libeled canal-boat sails, or propelling machinery, or, what is the same thing, steam-power or masts of her own? If she has not it matters little that some other boat has masts and steam-power. If the boats in question are not canal-boats it is difficult to perceive to what boats the statute refers. As the libeled boats are clearly covered by the statute it follows that this court has no jurisdiction of the action. This conclusion is reached with regret, for the libelants have rendered valuable services for which they should be paid.

The libel is dismissed.